UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GEORGE BRADO,

                    Plaintiff,

v.                                                        6:15-CV-1444
                                                           (GTS)

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
_____

APPEARANCES:                                        OF COUNSEL:

LAW OFFICES OF STEVEN R. DOLSON        STEVEN R. DOLSON, ESQ.
  Counsel for Plaintiff
126 North Salina Street, Suite 3B
Syracuse, NY 13202

U.S. SOCIAL SECURITY ADMIN.              BENIL ABRAHAM, ESQ.
OFFICE OF REG'L GEN. COUNSEL            SANDRA M. GROSSFELD, ESQ.
– REGION II
  Counsel for Defendant
26 Federal Plaza, Room 3904
New York, NY 10278

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this Social Security action filed by George Brado ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are the parties' cross-motions for judgment on the pleadings. (Dkt. Nos. 9, 16.) For the reasons set forth below, Plaintiff's motion for judgment on the pleadings is granted and Defendant's motion for judgment on the pleadings is denied.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff has a ninth grade education, obtained a certificate of general educational development (GED), and has past work as a construction laborer, an order filler, and an unloader at a warehouse. (T. 17, 181.)[1] Generally, Plaintiff's disability consists of nerve damage in both feet; a herniated disc in his spine at L5; a bulging disc in his spine at L4; pain in his back, legs, and feet; and an inability to lift, push, or bend. (T. 193.)

### B. Procedural History

On March 11, 2013, Plaintiff applied for a period of Disability and Disability Insurance Benefits, alleging disability beginning August 12, 2012. (T. 15.) Plaintiff's application was initially denied on May 22, 2013, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.*) On April 23, 2014, Plaintiff appeared in a video hearing before the ALJ, Gregory M. Hamel. (T. 24-58.) On June 6, 2014, the ALJ issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 9-23.) On November 13, 2015, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-6.)

### C. The ALJ's Decision

Generally, in his decision, the ALJ made the following six findings of fact and conclusions of law. (T. 17-23.) First, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2017, and has not engaged in substantial gainful activity since August 12, 2012, the alleged onset date. (T. 17.) Second, the

---

[1] Page citations refer to the page numbers used on CM/ECF rather than the page numbers contained in the parties' respective motion papers.

ALJ found that Plaintiff has the following severe impairments: lubrosacral disc disease and lumbar spondylosis status post-lumbar fusion. (*Id.*) Third, the ALJ found that Plaintiff's severe impairments, alone or in combination, do not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1 (the "Listings"). (T. 18.) The ALJ considered Listing 1.04 (disorders of the spine). (*Id.*) Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform "light work as defined in 20 CFR 404.1567(b)[2] except he can only occasionally climb stairs, balance, stoop, kneel, crouch and crawl; and cannot climb ladders and similar devices." (T. 18-21.) Fifth, the ALJ found that Plaintiff is unable to perform any past relevant work. (T. 21.) Sixth, and finally, the ALJ determined that there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T. 22-23.)

D.  **The Parties' Briefings on Their Cross-Motions**

Plaintiff argues that the ALJ committed reversible error by failing to apply the treating physician rule in evaluating the opinions of treating orthopedic surgeons Rudolph Buckley, M.D., and Steven Hausmann, M.D. (Dkt. No. 9, at 4-8 [Pl.'s Mem. of Law].) Defendant argues that the ALJ properly determined that the opinions of Dr. Buckley and Dr. Hausmann were not entitled to controlling weight. (Dkt. No. 16, at 7-12 [Def.'s Mem. of Law].)

II.  **RELEVANT LEGAL STANDARD**

A.  **Standard of Review**

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906

---

[2] Light work requires the abilities to sit for six hours, stand or walk for six hours, occasionally lift up to 20 pounds, and frequently lift or carry up to ten pounds during an eight-hour workday. 20 C.F.R. § 404.1567(b); SSR 83-10, 1983 WL 31251, *5-6 (1983).

F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord, Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the

4

[Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. § 404.1520. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982), *accord, McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

5

## III. ANALYSIS

### A. Whether the ALJ Properly Assessed the Opinions of Dr. Buckley and Dr. Hausmann in Determining Plaintiff's RFC

After carefully considering the matter, the Court answers this question in the negative for the reasons stated in Plaintiff's memorandum of law. (Dkt. No. 9, at 3-8 [Pl.'s Mem. of Law].) To those reasons, the Court adds the following analysis.

Residual functional capacity ("RFC") is defined as

> what an individual can still do despite his or her limitations . . . . Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, and the RFC assessment must include a discussion of the individual's abilities on that basis. A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule.

*Melville v. Apfel,* 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 96-8p, 1996 WL 374184, at *2 [July 2, 1996]). "In assessing a claimant's RFC, the ALJ must consider all of the relevant medical and other evidence in the case record to assess the claimant's ability to meet the physical, mental, sensory and other requirements of work." *Domm v. Colvin*, 12-CV-6640, 2013 WL 4647643, at *8 (W.D.N.Y. Aug. 29, 2013) (citing 20 C.F.R. § 404.1545[a][3]-[4]). Finally, an ALJ's RFC determination "must be set forth with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence." *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

Social Security regulations define medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of . . . [a plaintiff's] impairment(s), including . . . [a plaintiff's] symptoms, diagnosis and prognosis, what . . . [a plaintiff] can still do despite impairment(s), and . . . [a plaintiff's] physical

or mental restrictions." 20 C.F.R. § 404.1527(a)(2). The ALJ must consider opinions from acceptable medical sources, and may consider opinions from other sources, to show how a claimant's impairments may affect his or her ability to work. 20 C.F.R. § 404.1513(a)(1)-(5) (identifying the five types of acceptable medical sources as: (1) licensed physicians, (2) licensed or certified psychologists, (3) licensed optometrists, (4) licensed podiatrists, and (5) qualified speech-language pathologists).

Under the "treating physician's rule," controlling weight is afforded to an opinion from a plaintiff's treating physician when (1) the opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques, and (2) the opinion is not inconsistent with other substantial evidence in the record, such as opinions of other medical experts. 20 C.F.R. §§ 404.1527(c),416.927(c); *Greek v. Colvin,* 802 F.3d 370, 375 (2d Cir. 2015), *Brogan-Dawley v. Astrue*, 484 F. App'x 632, 633-34 (2d Cir. 2012). Regulations require an ALJ to set forth his or her reasons for the weight afforded to a treating physician's opinion. *Greek,* 801 F.3d at 375; *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000).

When controlling weight is not afforded to the opinion of a treating physician, or when assessing a medical opinion from another source, the ALJ should consider the following factors to determine the proper weight to afford the opinion: (1) the frequency, length, nature and extent of the physician's treatment, (2) the amount of medical evidence supporting the opinion, (3) the consistency of the opinion with the remaining medical evidence, and (4) whether the physician is a specialist. 20 C.F.R. § 404.1527(c); *Halloran v. Barnhart*, 362 F.3d 28, 31-32 (2d Cir. 2004) (listing regulatory factors).

Here, the record includes opinions of Plaintiff's physical limitations from the following two acceptable medical sources: (1) treating orthopedic surgeon Rudolph Buckley, M.D., and (2)

independent examining orthopedic surgeon, Steven Hausmann, M.D.[3]  (T. 538, 576, 579- 80, 582-85.)

### i. Treating Orthopedic Surgeon Dr. Buckley

On December 3, 2012, Dr. Buckley diagnosed Plaintiff with internal disk derangement, foraminal stenosis at L5-S1, status post L5-S1 hemilaminectomy and diskectomy, and stenosis at the left L4-5 secondary to disk bulging and scar tissue arachnoiditis at L5-S1.  (T. 539.)  On January 22, 2013, Dr. Buckley performed surgery on Plaintiff's spine, specifically, a lumbar decompression and fusion at L5-S1.  (T. 461, 566.)  Following Plaintiff's surgery, Dr. Buckley opined that Plaintiff was 100 percent temporarily disabled and/or impaired on multiple dates from June 2013 to December 2013, and diagnosed Plaintiff with lumbar spondylosis status post lumbar fusion.  (T. 576, 579- 80, 583-85. )

On August 29, 2013, Dr. Buckley completed a function by function assessment of Plaintiff's work-related physical limitations.  (T. 582-83.)  Therein, Dr. Buckley opined that Plaintiff could never bend, squat, crawl, climb, reach above his shoulders, or lift or carry any amount of weight.  (*Id*.)  Dr. Buckley further opined that Plaintiff could never use his hands to grasp, push, push, or perform fine manipulations, and could never use his feet to operate foot controls.  (*Id.*)

### ii. Independent Examining Orthopedic Surgeon Dr. Hausmann

On April 12, 2013, Dr. Hausmann examined Plaintiff and reviewed his medical records following Plaintiff's spinal surgery on January 22, 2013.  (T. 566-68.)  Dr. Hausmann opined that

---

[3] Although Plaintiff indicates that Dr. Hausmann was a treating physician, Dr. Hausmann's examination report stated that he was an independent doctor and his examination of Plaintiff "was for purposes of evaluation only — not for care, treatment, or consultation."  (T. 566.)  Dr. Hausmann's report further indicates that the evaluation was requested by Wal-Mart Distribution Center, Plaintiff's former employer.  (*Id.*)

8

Plaintiff had a "marked-to-total level (80%)" disability at the time of the examination. (T. 568.) Dr. Hausmann opined that Plaintiff had "reached maximum medical improvement" and, if Plaintiff returned to work, "would have to work at a sub-sedentary level at this point since he is still in a brace and cannot move very well." (*Id.*) Dr. Hausmann diagnosed Plaintiff with recurrent disc herniation at L5-S1, and status post revision spine surgery with lumbar decompression at L4-L5 and L5-S1, and instrumented L5-S1 fusion. (T. 568.)

### iii. The ALJ's Assessment of the Opinion Evidence

In determining Plaintiff's RFC, the ALJ afforded "limited weight" to Dr. Buckley's opinion that Plaintiff continues to have a temporary disability rating of 100 percent. (T. 20.) The ALJ stated that this opinion is not well supported by Dr. Buckley's examination findings or the medical records as a whole, and noted that the ultimate question of disability is reserved to the Commissioner. (*Id.*) Next, the ALJ afforded "little weight" to Dr. Hausmann's opinion that Plaintiff had reached maximum medical improvement and would have to work at a sub-sedentary level due to wearing a back brace. (T. 20.) The ALJ reasoned that this opinion is not supported by Dr. Hausman's examination findings and the medical records as a whole, including Dr. Buckley's examination findings. (T. 20-21.)

As an initial matter, the ALJ properly found that Dr. Buckley's statement that Plaintiff was temporarily disabled was not entitled to controlling weight. (T. 20.) A physician's statement that a plaintiff is disabled is a statement on an issue reserved for the Commissioner and is never entitled to controlling weight or special significance. 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1); SSR 96-5p, 1996 WL 374183, at *1 (July 2, 1996); *see also Snell v. Apfel,* 177 F.3d 128, 133 (2d Cir. 1999) ("A treating physician's statement that the claimant is disabled cannot itself be determinative.").

9

However, it appears that the ALJ also rejected treating physician Dr. Buckley's function by function opinion of Plaintiff's work-related physical limitations (specifically, that Plaintiff could never lift or carry any amount of weight, bend, squat, crawl, climb, reach above his shoulders, use his hands to grasp, push, push, or perform fine manipulations, or use his feet to operate foot controls). (T. 4-7, 582.) Yet the ALJ failed to cite, and the record does not contain, a medical opinion after Plaintiff's January 2013 back surgery to dispute Dr. Buckley's opinion of Plaintiff's functional limitations, and to establish that Plaintiff could perform all of the exertional demands of the ALJ's RFC (including sitting, standing, and walking for six hours, lifting 20 pounds occasionally, and lifting/carrying 10 pounds frequently during an eight-hour workday). (T. 18-21.) Accordingly, it appears that the ALJ improperly substituted his own lay opinion for competent medical opinion evidence.

It is well settled that the ALJ is not permitted to substitute his or her own expertise or view of the medical proof for any competent medical opinion. *Greek*, 802 F.3d at 375; *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) (stating that "the ALJ cannot arbitrarily substitute his own judgment for competent medical opinion"); *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998) ("[W]hile an [ALJ] is free to resolve issues of credibility as to lay testimony or to choose between properly submitted medical opinions, he is not free to set his own expertise against that of a physician who [submitted a medical opinion to] or testified before him."). Therefore, the Court need not address whether Dr. Buckley's opinion bound the ALJ under the regulations due to the ALJ's aforementioned omission. *Balsamo*, 142 F.3d at 81 (finding that the Court need not address whether the physicians' opinions bound the ALJ under the regulations because the ALJ did not cite *any* medical opinion to dispute the physicians' conclusions as to the plaintiff's work-related limitations).

Moreover, even if the ALJ properly assessed Dr. Buckley's opinion, the ALJ's RFC determination that Plaintiff could perform a range of light work is not supported by substantial evidence based on the current record. *See id.*, at 81-82 (finding that the ALJ's RFC determination was not supported by substantial evidence in the absence of a medical opinion indicating that the plaintiff could perform the work activities in the RFC determination); *House v. Astrue*, 11-CV-0915, 2013 WL 422058, at *4 (N.D.N.Y. Feb. 1, 2013) (holding that remand was necessary where there was no medical opinion supporting the ALJ's RFC determination).

As discussed above, the ALJ determined that Plaintiff had the RFC to perform a range of light work without a medical opinion indicating that Plaintiff could perform all of the exertional requirements of light work, including sitting for six hours, standing or walking for six hours, lifting up to 20 pounds occasionally (up to one-third of an eight-hour workday), and lifting and carrying up to ten pounds frequently (up to two-thirds of an eight-hour workday). (T. 18-21 ); 20 C.F.R. § 404.1567(b); SSR 83-10, 1983 WL 31251, *5-6 (1983). The Court recognizes that, "where the medical evidence shows relatively little physical impairment, an ALJ permissibly can render a common sense judgment about functional capacity even without a physician's assessment." *See House*, 2013 WL 422058, at *4. However, that is not the case in the present matter because the ALJ determined that Plaintiff's lubrosacral disc disease and lumbar spondylosis status post-lumbar fusion are severe impairments. (T. 17.)

Moreover, the ALJ has an affirmative duty to develop a claimant's complete medical history. 20 C.F.R. § 404.1512(d); *Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 508-09 (2d Cir. 2009). By statute, an ALJ is required to develop a claimant's complete medical history for at least twelve months before an application for benefits was filed, and for a longer period when there is reason to believe that additional information is necessary to reach a decision. *DeChirico v.*

*Callahan*, 134 F.3d 1177, 1184 (2d Cir. 1998). This duty exists even when a claimant is represented by counsel, due to the non-adversarial nature of a benefits proceeding. *DeChirico,* 134 F.3d at 1184; *Lamay*, 562 F.3d at 509.

Recontacting medical providers is necessary when the ALJ cannot make a disability determination based on the evidence of record. 20 C.F.R. § 404.1520b(c)(1). Reviewing courts hold that an ALJ is not required to seek additional information absent "obvious gaps" in the administrative record that preclude an informed decision. *Rosa*, 168 F.3d at 79 n.5. However, additional evidence or clarification is sought when there is a conflict or ambiguity that must be resolved, when the medical reports lack necessary information, or when the reports are not based on medically acceptable clinical and laboratory diagnostic techniques. 20 C.F.R. § 404.1520b(c)(1)-(4); *Rosa*, 168 F.3d 72, 80; *Schaal v. Apfel*, 134 F.3d 496, 505 (2d Cir. 1998). Here, the ALJ did not recontact Dr. Buckley or Dr. Hausmann to resolve any ambiguities in their opinions, or to obtain a function by function opinion of Plaintiff's work-related physical abilities and limitations from Dr. Hausmann. Nor did the ALJ order a consultative examination to obtain a function by function opinion of Plaintiff's work-related physical abilities and limitations.

For these reasons, remand is necessary for the ALJ to reevaluate the opinions of Dr. Buckley and Dr. Hausmann based on a fully developed record. This may include (1) recontacting Dr. Buckley and/or Dr. Hausmann to request clarification or additional information regarding their opinions, and (2) ordering a physical consultative examination to obtain a complete opinion of Plaintiff's work-related physical abilities and limitations.[4] Remand is also required for the ALJ to reevaluate Plaintiff's RFC based on a fully developed record and a proper evaluation of the opinion evidence.

---

4 *See* 20 C.F.R. § 404.1520b(c)(1) (providing that an ALJ may recontact a medical source for clarification or to obtain additional information); 20 C.F.R. § 404.1520b(c)(3) (providing that an ALJ may order a consultative examination to resolve an inconsistency or insufficiency in the record evidence).

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is **GRANTED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 16) is **DENIED**; and it is further

**ORDERED** that this matter is **REMANDED** to Defendant, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: January 10 , 2017
        Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge